**UNITED STATES  DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **WILLIE LEE WILBON, III, AND**<br>**DARNELL A. LEWIS** | **CIVIL ACTION** |
| **VERSUS** | **NO:  05-2443** |
| **SHERIFF MARLIN GUSMAN** | **SECTION  "N" (4)** |

**REPORT AND RECOMMENDATION**

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an Evidentiary Hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **Title 28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A**, and as applicable, **Title 42 U.S.C. § 1997e(c)(1) and (2)**.  Upon review of the entire record, the Court has determined that this matter can be disposed of without an Evidentiary Hearing.

**I.    Factual Summary**

   **A.    The Complaint**

The plaintiffs, Willie Lee Wilbon ("Wilbon") and Darnell Lewis ("Lewis") were incarcerated in the Orleans Parish Prison at the time of the filing of this *pro se* and *in forma pauperis* complaint pursuant to Title 42 U.S.C. § 1983.[1]  The plaintiffs filed this complaint against Orleans Parish Criminal Sheriff Marlin Gusman.

---

[1] Wilbon has been transferred to the Washington Correctional Institution in Angie, Louisiana.  (Rec. Doc. No. 10).

The plaintiffs allege that Sheriff Gusman is liable to them because of the condition of the Orleans Parish Prison facility ("OPP"), also known as the "Old Parish Prison". They allege that the facility violates the building code because it is a fire hazard. They allege that the building has no emergency exits and the emergency fire alarms do not work. The plaintiff also contend that the building is structurally unsound and its foundation is sinking. They also complain that the prison does not have a rehabilitation program and that the facility also lacks educational programs.

They further complain that OPP is poorly ventilated causing asthmatics to need more medicine in a shorter time. The plaintiffs also complain that the air ducts in OPP have not been serviced and need to be refurbished. They further allege that they, along with many others, have to take tuberculosis medication as a result of the poor ventilation allowing the disease to spread.

Finally, they contend that the State of Louisiana was awarded money in a lawsuit against a major tobacco company to provide treatment for those addicted to nicotine. They allege, however, that OPP does not provide any such treatment or preventative measures. The plaintiff also complaint the facility does not have non-smoking tiers.

The plaintiffs request as relief that OPP be closed or remodeled and that all inmates affected be awarded monetary damages due to the affects on their health conditions.

**II.     Standard of Review**

Title 28 U.S.C. § 1915A and Title 42 U.S.C. § 1997e(c) require the Court to *sua sponte* dismiss cases filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous. The Court has broad discretion in determining the frivolous nature of the complaint. *See Cay v. Estelle,* 789 F.2d 318 (5th Cir. 1986), *modified on other grounds, Booker v. Koonce,* 2 F.3d

114 (5th Cir. 1993). However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under this statute, a claim is frivolous only when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams,* 490 U.S. 319 (1989); *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998). A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. *Harper v. Showers,* 174 F.3d 716, 718 (5th Cir. 1999). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992); *Neitzke,* 490 U.S. at 327-28. Therefore, the Court must determine whether the plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins,* 27 F.3d 174, 176 (5th Cir. 1994); *see Jackson v. Vannoy,* 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus,* 976 F.2d 268, 269 (5th Cir. 1992).

**III.   Analysis**

  **A.   Improper Defendant**

The plaintiffs have named Sheriff Gusman as the sole defendant in this case. The plaintiffs allege that he should be held responsible for the conditions of OPP. This claim is frivolous.

Louisiana law divides the responsibility for its Parish jails. Each Parish is charged with the physical maintenance of its jails. La. Rev. Stat. Ann. § 15:702.[2] However, the duty to administer

---

[2] La. Rev. Stat. Ann. § 15:702 provides that "[t]he governing authority of each parish shall be responsible for the physical maintenance of all parish jails and prisons. In those parishes in which the governing authority operates the parish jail the governing authority shall pass all bylaws and regulations they may deem expedient for the police and good government of the jails and prisons being operated by the parish governing authority."

and operate the jails falls on the sheriff of each Parish. La. Rev. Stat. Ann. § 15:704.[3] Thus, Sheriff Gusman is not responsible for the physical maintenance of the OPP building, its structural soundness, or its ventilation system.

Furthermore, a prisoner has no constitutional right to participate in educational or rehabilitation programs where no such programs exist where he is housed. *Beck v. Lynaugh*, 842 F.2d 759 (5th Cir. 1988); *Newman v. Alabama*, 559 F.2d 283 (5th Cir. 1977), *rev'd in part on other grounds*, *sub nom*, *Alabama v. Pugh*, 438 U.S. 781 (1978); *Burnette v. Phelps*, 621 F. Supp. 1157, 1159 (M.D. La. 1985). In addition, there is no federal constitutional right for a prisoner to expect to participate in a prison educational or rehabilitation programs. *See Burnette*, 621 F. Supp. at 1159 (quoting *Newman*, 559 F.2d at 292).

Therefore, the claims asserted against Sheriff Gusman are based on a meritless legal theory and should be dismissed as frivolous.

### B. <u>Failure to Exhaust</u>

Alternatively, Wilbon and Lewis have failed to exhaust administrative remedies before filing this suit. The plaintiffs seek to hold the defendant liable because the conditions of their confinement at OPP are, or were, inadequate. They contend that the facility's ventilation system is in disrepair and that the building is a safety and health hazard. They also complain about the inadequate rehabilitation and educational programs at the prison.

Title 42 U.S.C. § 1997e(a), as amended by the Prison Litigation Reform Act of 1996 ("PLRA"), provides that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such

---

[3] La. Rev. Stat. Ann. § 15:704 provides that "[e]ach sheriff shall be the keeper of the public jail of his parish, and shall by all lawful means preserve the peace and apprehend all disturbers thereof, and other public offenders."

administrative remedies as are available are exhausted." The first question is whether § 1997e(a) applies to plaintiffs claims as a "prison condition."

The United States Supreme Court has held that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516 (2002). Therefore, the plaintiffs' claims are within the scope of § 1997e(a).

The record shows that the plaintiffs failed to exhaust the available administrative remedies. While the plaintiffs acknowledge in the complaint that there was a prison grievance system, they refused to indicate whether they presented the facts regarding the complaint to the prison through its prison grievance process. Further in the section seeking information regarding whether they attached copies of the administrative complaints, the plaintiffs marked each response with "N/A" indicating that the section was *not applicable*. The plaintiffs have offered nothing to the Court to indicate that they completed the prison's grievance process on these issues. The Court therefore finds that the plaintiffs failed to exhaust the available administrative remedies.

**IV.    Recommendation**

For the foregoing reasons, it is **RECOMMENDED** that the § 1983 claims filed by the plaintiffs, Willie Lee Wilbon, III, and Darnell A. Lewis, against Orleans Parish Criminal Sheriff Marlin Gusman be **DISMISSED WITH PREJUDICE** as frivolous pursuant to Title 28 U.S.C. § 1915(e) and § 1915A and Title 42 U.S.C. § 1997e.

In the alternative, it is **RECOMMENDED** that the plaintiffs' § 1983 complaint be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies as required by Title 42 U.S.C. § 1997e.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within ten (10) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this __26th__ day of __April__, 2006.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**